COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Lemons
Argued at Salem, Virginia


JOHN M. SURPRENANT
                                          OPINION BY
v.    Record No. 2522-98-3          JUDGE DONALD W. LEMONS
                                           JULY 6, 1999
BOARD FOR CONTRACTORS AND
 WAYNE J. TORRE


              FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                      Roy B. Willett, Judge

          Brian R. Jones (Jones & Glenn, P.L.C., on
          briefs), for appellant.

          Terry N. Grimes (King, Fulghum, Snead,
          Nixon & Grimes, P.C., on brief), for appellee
          Wayne J. Torre.

          John B. Purcell, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General;
          John C. Wilkinson, Jr., Assistant Attorney
          General, on brief), for appellee Board for
          Contractors.


     John M. Surprenant appeals the decision of the trial court

affirming an award by the Board for Contractors ("Board") under

the Virginia Contractor Transaction Recovery Act (VCTRA).

Finding no reversible error, we affirm the ruling of the trial

court.

                      I.  BACKGROUND

     On October 1, 1987, John Surprenant received a contractor's

license from the Board under the name "U-Nique Builders."

Sometime prior to October 3, 1991, Surprenant incorporated his

trade name as "Unique Builders, Inc." ("Unique"). Surprenant did not notify the Board that his business had been incorporated or that it would be contracting with the license he obtained on October 1, 1987. Surprenant also holds a state contractor's license under the trade name, "J.M.S. Builders/Developers," which expires on October 21, 1999.

On October 7, 1991, Wayne J. Torre (Torre) and Unique entered into a contract for the construction of a home for Torre in Roanoke County, Virginia. Construction of the home ended in 1993. On June 10, 1993, Torre filed in the Circuit Court for Roanoke County a motion for judgment against Surprenant in his individual capacity and against Unique alleging breach of contract. Unique filed a counterclaim, also alleging breach of contract. A bench trial occurred in February, 1995.

On May 22, 1995, the court in the underlying litigation[1] found in favor of Torre against Unique and awarded damages in the amount of $25,164. The judgment was later modified and increased to $54,184 with interest from February 22, 1995 until paid. Although damages were not awarded against Surprenant individually, in its order dated May 22, 1995, the court in the underlying litigation stated that it "found that the defendants

---

[1] This opinion refers to circuit court rulings in two different matters. The circuit court that decided the breach of contract litigation will be referred to as the "court in the underlying litigation." The circuit court that decided the appeal from the agency will be referred to as "the trial court."

-

made certain misrepresentations as further described ore tenus by the court."  The ore tenus description of the court in the underlying litigation characterized the misrepresentations as "material" and "asked counsel to submit briefs concerning the applicability of the Virginia Consumer Protection Act to the facts of this case."

In its final order dated September 25, 1995, the court in the underlying litigation found that "the facts adduced at trial fall within the Virginia Consumer Protection Act by Unique Builders, Inc."  Following the judgment, Unique ceased doing business.  Surprenant assumed responsibility for all projects under construction contracted under Unique's name.

On October 2, 1995, Torre filed a claim for $54,184 with the Contractor Transaction Recovery Fund (the "Fund").  On August 28, 1997, the Board sent Torre notice of an informal fact-finding conference which, pursuant to Code § 9-6.14:11 of the Virginia Administrative Process Act ("VAPA"), was held before the Board's Recovery Fund Committee ("Committee") on September 10, 1997.  The Committee found evidence that the contractor breached the contract; however, the Committee recommended that the claim be denied, because it found no evidence of "improper or dishonest conduct."

On October 8, 1997, the Board unanimously accepted the Committee's report and pursuant to a letter sent by the Board on October 10, 1997, all parties were notified of the Board's

-

decision to deny the claim.  On November 19, 1997, Torre's counsel sent a letter to the Board stating his intention to appeal the final order upon its issuance.

The Committee reconsidered Torre's claim at a second informal fact-finding conference on December 10, 1997.  Prior to the hearing, Torre's counsel requested a continuance, which the Board denied.  The fact-finding conference was held without Torre or his counsel present.  The Committee again voted to deny the claim.

The Committee notified the parties that the Committee would present its summary of the December 10, 1997 report to the Board on January 14, 1998, and recommend that the claim be denied. The Board informed both Surprenant and Torre by certified letter that they could appear before the Board and respond to the summary.  The letter sent to Surprenant was returned to the Board unopened on January 14, 1998.  The hearing was held on January 14, 1998, and counsel for Torre appeared.  The Board concluded that Torre had stated a valid claim for recovery and awarded him $10,000 from the Fund.

The Board entered its final order on January 28, 1998.  On February 1, 1998, the Board received Surprenant's notice of appeal.  On September 3, 1998, a hearing was held in the County of Roanoke Circuit Court.  On October 1, 1998, the trial court affirmed the Board's final order and dismissed Surprenant's appeal.  Surprenant appeals the dismissal

-

## II.  STANDARD OF REVIEW

Pursuant to Code § 54.1-1114, our review of this case is governed by the VAPA, codified at Code §§ 9-6.14:1 et seq.  Our scope of review is limited to those facts which appear in the agency record.  See Code § 9-6.14:17.  In reviewing an agency decision, the trial court must determine:

> 1.   Whether the agency acted in accordance with law;
> 2.   Whether the agency made a procedural error which was not harmless error; and
> 3.   Whether the agency had sufficient evidential support for its findings of fact.

Johnston-Willis v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988).

Based upon the standard of review,

> [e]rrors of law fall into two categories: first, whether the agency decision-maker acted within the scope of his authority, and second, whether the decision itself was supported by the evidence.  Where the agency has the statutory authorization to make the kind of decision it did and it did so within the statutory limits of its discretion and with the intent of the statute in mind, it has not committed an error of law in the first category.  The second category of error is limited to a determination whether there is substantial evidence in the agency record to support the decision.

Id. (citation omitted).

When considering whether substantial evidence in the agency record supports the decision, "the reviewing court may reject the agency's findings of fact only if, considering the record as

-

a whole, a reasonable mind would necessarily come to a different conclusion."  Id. (citation omitted).

### III.  "IMPROPER AND DISHONEST CONDUCT"

The Board's final order states that based "on the finding of the court that Surprenant violated the Virginia Consumer Protection Act, the Board concludes that the acts of Surprenant fall within the statutory definition of improper and dishonest conduct."  Surprenant argues that this finding is erroneous on the ground that because the court in the underlying litigation specifically held that neither Surprenant nor Unique committed common law fraud, his actions did not meet the statutory definition of "improper or dishonest conduct."

Code § 54.1-1118 defines "improper or dishonest" conduct for purposes of the VCTRA as follows:

> Improper or dishonest conduct includes only the wrongful taking or conversion of money, property or other things of value which involves fraud, material misrepresentation or conduct constituting gross negligence, continued incompetence or intentional violation of the Uniform Statewide Building Code.  The term improper or dishonest conduct does not include mere breach of contract.

"A primary rule of statutory construction is that courts must look first to the language of the statute.  If a statute is clear and unambiguous, a court will give the statute its plain meaning."  Va. Employment Comm'n v. Davenport, 29 Va. App. 26, 29-30, 509 S.E.2d 522, 524 (1999) (citations omitted).  By use

-

of the disjunctive "or" in the language of the statute, the legislature evidenced its intention to hold a regulant liable under the VCTRA for conduct including but not limited to fraud. Improper or dishonest conduct under the VCTRA may involve either "fraud" or a "material misrepresentation" or "actions of gross negligence" or "continued incompetence" or an "intentional violation of the Uniform Statewide Building Code."

In addition, although the court in the underlying litigation did not include a finding of "improper or dishonest conduct" under the VCTRA, in its judgment, Torre was not estopped from recovering under the Act. Code § 54.1-1120(A)(7) states:

> A claimant shall not be denied recovery from the Fund due to the fact the order for the judgment filed with the verified claim does not contain a specific finding of "improper or dishonest conduct." Any language in the order which supports the conclusion that the court found that the conduct of the regulant involved improper or dishonest conduct may be used by the Board to determine eligibility for recovery from the Fund.

Here, the court in the underlying litigation found that Surprenant made a material misrepresentation in his contract with Torre and violated the Virginia Consumer Protection Act. Pursuant to Code § 54.1-1120(A)(7), the factual findings of the court in the underlying litigation provide a basis for the Board to find improper or dishonest conduct as defined in Code § 54.1-1118.

-

IV.  FACT-FINDING PROCEEDINGS OF THE BOARD

Surprenant argues that the Board erred in holding more than one informal fact-finding conference on this matter.  Surprenant also argues that the trial court erred in affirming the Board's decision because it was based on evidence presented after the informal fact-finding conference, in violation of the VAPA and the Board's own regulations.  In addition, Surprenant argues that the trial court erred in affirming the Board's decision which relied upon Torre's affidavit.

## A.  Number of Fact-finding Conferences

The Board's review of claims brought under the VCTRA is governed by the VAPA.  See Code § 54.1-1114.  Code § 9-6.14:11 of the VAPA states:

> Agencies shall ascertain the fact basis for their decisions of cases through informal conference or consultation proceedings unless the named party and the agency consent to waive such a conference or proceeding to go directly to a formal hearing.

The Committee met on September 10, 1997 and recommended that the Board deny Torre's claim.  The Board heard the case on October 8, 1997, and adopted the reasons of the Committee and voted to deny the claim.  On December 10, 1997, upon request of the Board's legal counsel, the case was reconsidered before the Committee in a second fact-finding conference.  Nothing in the VAPA limits the number of fact-finding conferences to one.  We cannot say the Committee improperly held two fact-finding

-

conferences.  Moreover, Surprenant did not object to the second fact-finding conference on December 10, 1997; he participated in it.

### B.  January 14, 1998 Meeting

On January 14, 1998, the Board met to consider the Committee's recommendation.  Both parties received notice of the meeting.  Counsel for Torre appeared before the Board and submitted documents.  Surprenant did not appear.  In its final order, the Board stated:

> On January 14, 1998, the Board reviewed this claim.  In attendance was Terry N. Grimes, Esquire, counsel for Torre, who made a presentation and submitted documents.  Based on information presented and on the findings of the court that Surprenant violated the Virginia Consumer Protection Act, the Board concludes that the acts of Surprenant fall within the statutory definition of improper and dishonest conduct.

Surprenant argues that the Board violated the VAPA by considering evidence presented by Torre's counsel at that meeting, stating, "evidence is to be submitted only during the Informal Fact Finding Conference."  The VAPA mandates as follows:  "[a]gencies shall ascertain the fact basis for their decisions of cases through informal conference or consultations proceedings unless the named party and the agency consent to waive such a conference or proceeding to go directly to a formal hearing. . . ."  Code § 9-6.14:11.  Following the informal fact-finding conferences, the board or commission meets to

-

render a decision, where "persons who participated in the prior proceeding shall be provided an opportunity to respond at the board or commission meeting to any summaries prepared by or for the board or commission." Code § 9-6.14:11(C).

Surprenant never objected to the presentation by Torre's counsel nor the introduction of documents at the meeting on January 14, 1998. Pursuant to the certified letter sent to his home, Surprenant had notice of his opportunity to appear before the Board. Surprenant neither filed any objections to Torre's presentation of evidence before the Board nor requested a rehearing on this basis. Surprenant may not raise matters on appeal that he did not bring before the agency. See Pence Holdings, Inc. v. Auto Center, Inc., 19 Va. App. 703, 454 S.E.2d 732 (1995).

## C. Torre's Affidavit

Surprenant argues that the trial court erred in affirming the Board's decision that relied in whole or in part on Torre's affidavit. Surprenant contends that "every allegation of wrongful or dishonest conduct set forth in Torre's affidavit had been litigated and resolved against [Torre]" and could not constitute a basis upon which the Board found a claim in Torre's favor. Surprenant maintains that the findings of the court in the underlying litigation that no cause of action for misrepresentation existed against Surprenant or Unique precludes the Board's relitigation of the same issue in a different forum.

-

Pursuant to the requirements of the VCTRA, Torre, the claimant, was required to file an affidavit setting forth the elements of his statutory claim.  See Code § 54.1-1120(A)(1).  The Board did not base its decision on Torre's affidavit.  The Board relied upon "information presented [at the January 14, 1998 hearing] and on the findings of the court that Surprenant violated the Virginia Consumer Protection Act."

Pursuant to Code § 54.1-1120(A)(7), the Board can find grounds of improper or dishonest conduct by a regulant in the language of any order that supports its finding.  Here, the basis of the Board's decision was not Torre's affidavit but the orders of May 22 and September 25, 1995 from the court in the underlying litigation.  The language contained in the orders was sufficient to support the Board's decision, and the trial court did not err in affirming the Board's decision.

V.  JUDGMENT AGAINST "REGULANT"

The VCTRA provides a limited means of recovery for a claim against a regulant that remains unsatisfied.  A regulant is defined as "any individual, person, firm, corporation, association, partnership, joint venture or any other legal entity licensed by the Board for Contractors."  Code § 54.1-1118.  The money judgment in the underlying litigation was against Unique.  Surprenant argues that Unique never held a license from the Board and therefore could not be considered a

-

regulant.  Surprenant contends that he was the only regulant recognized by the Board.

A review of the record reveals that Surprenant did not raise this issue before the Board.  Surprenant's argument before the Board was confined to whether he had committed acts of "improper or dishonest" conduct for purposes of the VCTRA. Surprenant never maintained before the Board that he could not be held responsible as a regulant under the Act based upon a judgment against Unique.  In Pence Holdings, 19 Va. App. at 707, 454 S.E.2d at 734, we stated, "an appellant, under the provisions of the APA, may not raise issues on appeal from an administrative agency to the circuit court that it did not submit to the agency for the agency's consideration."  Having failed to raise the issue before the administrative agency, he was precluded from raising the issue before the trial court.  We also decline to consider it on appeal.

### VI.  CONCLUSION

The order of the trial court affirming the award of the Board is affirmed.

Affirmed.