# CIRCUIT COURT OF THE CITY OF NORFOLK

Virginia S. Hill
and Suzanne H. Cox

v.

Department of Professional and
Occupational Regulation etc.
and Two Cheeks, L.L.C.

November 16, 2012

Case No. (Civil) CL11-8604

By Judge Everett A. Martin, Jr.

This administrative appeal came before the Court on November 13, 2012. Appellant Suzanne H. Cox appeared in person and by counsel, Charles E. Vogan, Jr., Esq. The Department of Professional and Occupational Regulation, Board for Contractors (the "Board") appeared by counsel, Steven P. Jack, Esq. Appellee Two Cheeks, L.L.C. (the "Contractor") did not appear.

The appellants entered into a contract with the Contractor for the construction of an addition to a home. They paid $35,000 to the Contractor on May 14, 2007. The Contractor dug a trench and poured footings, and it, thereafter, abandoned the job on July 2, 2007.

The appellants filed a motion for judgment against the Contractor on December 12, 2008, alleging the above facts and seeking damages of $35,000. (Civil No. CL08-7570.) The term "breach of contract" does not appear in the motion for judgment, but that is the only right of action fairly alleged. The Contractor did not answer, and the Court entered default judgment for the appellants for $35,000 on April 9, 2009, finding the Contractor was "in breach of the contract sued on."

The appellants, thereafter, filed a claim with the Board. An informal fact-finding conference was held on September 10, 2010, at which Cox testified. The presiding officer recommended the claim be denied on an

issue of standing. It seems the Board rejected that recommendation as it directed that a reconvened informal fact-finding conference be held. The reconvened conference was held on May 20, 2011. The appellants did not appear.

The presiding officer again recommended the claim be denied. As pertinent to this appeal he wrote:

> After a review of the complaint and the Order filed in this matter, I do not find any language which supports the conclusion that the court found that the conduct of the regulant involved improper or dishonest conduct or that the actions of the regulant arose to more than mere breach of contract as clearly stated in the Order.
>
> Cox and her counsel were given multiple opportunities, as stated above, to provide the Board with information over the course of several months and have failed to capitalize on those opportunities.

The second paragraph above is erroneous as Cox did testify at the first informal fact-finding conference, and, as the Court understands, she produced documents and photographs. The Board denied the claim by order of November 4, 2011. In pertinent part, its order stated:

> On November 1, 2011, the Board met and reviewed the record, which consisted of the claim file, the transcript, and exhibits from the Informal Fact-Finding Conference ("IFF") and the Summary. . . .
>
> The Board adopts the Claim Review, which contains the facts regarding the recovery fund claim in this matter, and adopts the Summary. The Claim Review and Summary are incorporated as a part of this Order.

The Board's order is inconsistent. It states that it reviewed the record including the transcript and exhibits from the informal fact-finding conference, but it also provides that it adopts the Summary. (The record does not contain a transcript from the first informal fact-finding conference.) The Summary shows the hearing officer considered nothing but the motion for judgment and the final order. He apparently had forgotten that Cox testified at the first informal fact-finding conference.

The appellants have appealed to this Court pursuant to the Administrative Process Act, Code of Virginia § 2.2-4000 *et seq*. The appellants allege two errors. First, they claim the summary the hearing officer presented to the Board omitted Cox's testimony. Second, they claim the Board had sufficient evidence to support a finding of "improper or dishonest conduct" by the

Contractor. They ask the Court to either (i) enter judgment in their favor for $20,000 or (ii) remand the claim to the Board and direct it to grant them the maximum amount allowed by law.

Va. Code § 2.2-4027, provides as related to this appeal:

> The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Such issues of law include . . . (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact.

The crux of the first error is the proper construction of Va. Code § 54.1-1120(A)(7), which provides:

> Whenever any person is awarded a judgment in a court of competent jurisdiction in the Commonwealth of Virginia against any individual or entity which involves improper or dishonest conduct occurring (i) during a period when such individual or entity was a regulant and (ii) in connection with a transaction involving contracting, the claimant may file a verified claim with the Director to obtain a directive ordering payment from the Fund of the amount unpaid upon the judgment, subject to the following conditions. . . .
>
> 7. A claimant shall not be denied recovery from the Fund due to the fact the order for the judgment filed with the verified claim does not contain a specific finding of "improper or dishonest conduct." Any language in the order which supports the conclusion that the court found that the conduct of the regulant involved improper or dishonest conduct may be used by the Board to determine eligibility for recovery from the Fund.

The Board contends it may not look beyond the Court's order "and the evidence that order incorporates." It holds that it "cannot consider any other documentation or testimony from Cox to determine . . . whether [improper or dishonest] conduct existed even [sic] if the court found only breach of contact." Brief of Appellee, pp. 7-8.

The Court finds this to be error. The first sentence of Code § 54.1-1120(A)(7) provides that a claimant will not be denied recovery if the judgment does not contain a specific finding of "improper or dishonest conduct." That, however, is exactly what the Board did in this case. It considered only the order and the complaint (incorrectly styled as a "motion for judgment"). If the absence of a finding of "improper or dishonest conduct" in an order

does not *ipso facto* disqualify a claimant, the Board must of necessity consider other evidence. By what authority does the Board limit the other evidence to a claimant's pleading in the action against a regulant? None that the Court can discern.

"Improper or dishonest conduct" is defined to include "only the wrongful taking . . . of money . . . which involves fraud, material misrepresentation or conduct constituting gross negligence, continued incompetence, or intentional violation of the [building code]." The term "does not include mere breach of contract." Va. Code § 54.1-1118.

Virginia law recognizes a right of action for fraud. Perhaps "material misrepresentation" refers to statutory rights of action such as the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.* There is as of yet no right of action in Virginia for continued incompetence. Any homeowner who tried to sue his contractor for gross negligence or an intentional violation of the building code would likely have his case dismissed on demurrer. *Dunn Construction Co. v. Cloney*, 278 Va. 260, 682 S.E.2d 943 (2009). The only right of action available to a homeowner alleging the contractor's gross negligence, continued incompetence, or intentional violation of the building code is likely to be for breach of contract.

Furthermore, under Virginia's rules of pleading a complaint "shall be sufficient if it clearly informs the opposite party of the true nature of the claim. . . ." Rule 1:4(d). In addition, "[b]revity is enjoined as the outstanding characteristic of good pleading. In any pleading a simple statement . . . of the essential facts is sufficient." Rule 1:4(j). Perhaps counsel for a plaintiff contemplating a future claim to the Board should disregard these rules and state the facts exhaustively. However, the Rules of Court do not require this; indeed, they discourage it.

The Board relies on *Surprenant v. Board for Contractors*, 30 Va. App. 165, 516 S.E.2d 220 (1999). There, the issue was whether substantial evidence existed to support the Board's award from its fund, and the regulant contended the Board erred in considering an affidavit from the owner. The Court of Appeals found that the Board did not rely on the affidavit, but that it made its award based on the information presented at the hearing before it *and* the findings of the court. 30 Va. App. at 174, 516 S.E.2d at 224-25. The Court of Appeals did not hold the Board could not consider evidence beyond the judgment order and the complaint.

The Court finds the Board erred by limiting the evidence it considered to the motion for judgment and the final order and by completely ignoring Cox's evidence. The Court does not find the error to be harmless.

As the Board never considered all the evidence, it would be improper for the Court to do so. The Board is the trier of fact. The Court, therefore, does not address the second error alleged.

It is, therefore, ordered that the Board's Final Opinion and Order of November 4, 2011, be reversed and this matter remanded to the Board for a

consideration of *all* the evidence presented at the two informal fact-finding conferences and at any of its meetings. Endorsements are waived pursuant to Rule 1:13. The Clerk shall mail copies of this order to counsel for the parties.