Present: Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Compton, S.J.

WALTER H. HORNER                          OPINION BY
                                SENIOR JUSTICE A. CHRISTIAN COMPTON
  v.    Record No. 031475              June 10, 2004

DEPARTMENT OF MENTAL HEALTH,
MENTAL RETARDATION AND SUBSTANCE
ABUSE SERVICES, WESTERN STATE HOSPITAL


            FROM THE COURT OF APPEALS OF VIRGINIA

    This is an employment dispute involving an agency of the Commonwealth of Virginia and one of the agency's employees. The decision of the appeal turns upon interpretation of the clear terms of the applicable statute.

    In 2001, appellant Walter H. Horner, a physician, worked as an internist on the staff of Western State Hospital for appellee Department of Mental Health, Mental Retardation and Substance Abuse Services (the Department). On May 15, 2001, the Hospital's Medical Director issued the employee two notices for so-called "Group II" offenses. He was charged with failure to follow a supervisor's instructions and violation of state policy regarding personnel records disclosure. Issuance of the notices resulted in the employee's immediate termination. The employee contested the dismissal under the Commonwealth's statutory grievance procedure.

According to the procedure, which deals with the Commonwealth's program of employee relations management, the Department of Employment Dispute Resolution (DEDR) developed a grievance procedure, which the applicable statute required to include "not more than three successively higher grievance resolution steps and a formal hearing." Code § 2.2-3003(A).[*]

At the first level of management review, the employee's immediate supervisor (the so-called "first-step respondent") determined that he supported "the complete reversal" of the disciplinary actions and supported the employee's "reinstatement with back pay and restoration of all his fringe benefits." The employee's response to this ruling was to conclude his grievance.

However, management proceeded to the "second-step respondent" and the "third-step respondent" (the Medical Director and the Hospital Director, respectively), who both disagreed with the first-step respondent, and ruled that the employee should be denied the relief he sought. The matters then were considered by a DEDR hearing officer who "affirmed" both notices, denying the employee relief.

After the hearing officer, upon reconsideration, upheld the termination, the employee appealed to the DEDR, which

_____

[*] Effective in 2001, after this grievance commenced, the relevant statutes were recodified. Acts 2001, ch. 844. We

2

upheld the hearing officer. The employee also appealed to the Department of Human Resource Management, which upheld the hearing officer.

After exhausting these administrative appeals of the hearing officer's decisions, the employee appealed to the Circuit Court of the City of Staunton pursuant to the provisions of Code § 2.2-3006(B), which permits an appeal of the hearing officer's final decision "on the grounds that the determination is contradictory to law." Upon review, the circuit court "may affirm the decision or may reverse or modify the decision." Id.

In the circuit court, the employee asserted, inter alia, that Virginia's statutory grievance procedure requires that the remedy provided by the employee's first-level respondent be given effect.

Although subsequently amended in 2003, Code § 2.2-3003(D), the focus of this appeal, provided, at the time of the grievance and circuit court decision in this case, for management review of the employee's complaint. The statute read: "Each level of management review shall have the authority to provide the employee with a remedy."

Interpreting the statute, the circuit court ruled that the General Assembly's explicit use of the term "remedy" means

shall refer to the numbers of current sections.

3

that the first-level respondent's decision was not a mere recommendation, as the Attorney General implicitly had argued, but that the respondent had the authority to provide the employee with a remedy, according to that term's accepted definition.  Thus, the court found that the decisions of the hearing officer were "contradictory to law," and reinstated the remedies of the first-step respondent.

Upon review, addressing only the issue that is the focus of this appeal, the Court of Appeals of Virginia reversed the circuit court's judgment.  Department of Mental Health v. Horner, 40 Va. App. 338, 579 S.E.2d 372 (2003).  The court ruled the circuit court erroneously decided that the Department was bound by the determination of the first-level respondent and precluded from pursuing the matter to the next levels of management review.  Id. at 340, 579 S.E.2d at 373.

The Court of Appeals said that such an interpretation of the statute, and the policy and procedure manuals promulgated under the state's statutory grievance procedures, "would essentially allow an immediate, lower-level supervisor to make a final, conclusive determination and would provide the lower-level supervisor with more authority on disciplinary matters than an agency director."  Id. at 342, 579 S.E.2d at 374.

Continuing, the court stated:  "A system which provides such disparate remedies and which allows only the employee to

4

proceed to subsequent resolution steps would hardly be 'fair.' More importantly, such an interpretation of the statute and the procedure is absurd and irrational."  Id.

We awarded the employee this appeal, because the case involves a matter of significant precedential value.  See Code § 17.1-410(B).

Settled principles apply here.  Statutory interpretation presents a pure question of law subject to de novo review by this Court.  Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003).

While interpreting statutes, courts must ascertain and give effect to the legislature's intention, which is to be deduced from the words used, unless a literal interpretation would result in a manifest absurdity.  When, as here, the General Assembly uses words that are clear and unambiguous, courts may not interpret them in a way that amounts to a holding that the legislature did not mean what it actually has expressed.  Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934).  Accord Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997).  In other words, courts are bound by the plain meaning of clear statutory language.  Earley v. Landsidle, 257 Va. 365, 370, 514 S.E.2d 153, 155 (1999).

Guided by these controlling principles, we hold that the Court of Appeals erred.  In clear language, the General

5

Assembly mandated in Code § 2.2-3003(D): "Each level of management review shall have authority to provide the employee with a remedy." The noun "remedy" is defined as "[t]he means of enforcing a right or preventing or redressing a wrong; legal or equitable relief." Black's Law Dictionary 1296 (7th ed. 1999).

Plainly, the legislature provided the employee with the substantive right to be afforded a remedy by the first-level respondent. Once the employee accepted the remedy, the statutory scheme existing at the time precluded management from contesting the first-level decision. A contrary ruling, embracing the Court of Appeals' view, would reduce the first-level respondent's decision to a mere recommendation that could either be followed or be ignored. That idea effectively renders the disputed language meaningless.

In this appeal, the Attorney General echoes the Court of Appeals' view that it is not "fair" to the Commonwealth to permit an employee to accept the remedy provided him at the first step, and that the employee's interpretation of the statute is "absurd." We disagree.

Even though one may argue from a policy standpoint that the enactment was unwise, there is nothing unfair or absurd about it. The Commonwealth will not be heard to complain of fairness when it, through the General Assembly and DEDR,

6

created the system. And, to allow an employee a remedy at the first stage of review is not absurd. Whether an enactment is wise, and matters of policy, are questions for the legislative branch of government, and not the judicial branch. See City of Portsmouth v. City of Chesapeake, 232 Va. 158, 163, 349 S.E.2d 351, 353 (1986).

The Attorney General also argues that a recent amendment to the statutory sentence at issue supports the Commonwealth's view, viz., that the General Assembly intended the authority granted the first-level respondent to be subject to the statutory authority granted the other respondents and the hearing officer.

Effective in 2003, as a part of the amendment and reenactment of Code § 2.2-3003 (Cum. Supp. 2003), the General Assembly added language to the sentence. Acts 2003, ch. 252. The sentence now reads (italics supplied): "Each level of management review shall have the authority to provide the employee with a remedy, subject to the agency head's approval." As we have said, this legislative action occurred after the circuit court's decision in this case.

The Attorney General contends the amendment clarifies the legislative intent and explains the meaning of the law as it existed before the amendment, relying on Boyd v. Commonwealth,

216 Va. 16, 215 S.E.2d 915 (1975). We disagree. Actually the amendment supports a contrary view.

"Legislation is presumed to effect a change in the law unless there is a clear indication that the General Assembly intended that the legislation declare or explain existing law." Chappell v. Perkins, 266 Va. 413, 420, 587 S.E.2d 584, 587-88 (2003), citing Boyd. Nothing in the 2003 amendment, such as the words "declaratory of existing law," indicates that the General Assembly enacted the amendment as a clarification of existing law. Therefore, applying the presumption, we conclude that a change in the law, not a clarification, was intended by the amendment.

And, Boyd is inapposite. There, an exception was applied to the rule that a change in the law is intended when new provisions are added to prior legislation by amendment. Unlike the present case, the amendments in Boyd were changes in form, which merely interpreted the existing law and made it more specific. The changes "were not changes of substance, which add rights to, or withdraw existing rights from, an original act." 216 Va. at 20, 215 S.E.2d at 918. Here, in contrast, the amendatory change was substantive, withdrawing existing rights. Prior to the amendment, an employee had a right to accept the remedy provided by the first-level

8

respondent.  After the amendment, that right is now "subject to the agency head's approval."

Finally, we have considered the additional issues the Attorney General has presented here, some of which also were raised in the courts below and not ruled upon there.  These arguments are either substantively meritless or are procedurally barred in this appeal as not being based on any assignments of cross-error.  Only one issue merits further discussion.

The Attorney General contends the circuit court lacked "jurisdiction" to hear the matter, because the employee failed to ensure that his grievance appeal was heard in a timely fashion, as required by Code § 2.2-3006(B).  Acknowledging the time limit had not been met, the circuit court nevertheless denied a motion to dismiss filed on this basis, and the Court of Appeals did not address this issue, although it was raised there by the Attorney General.

Code § 2.2-3006(B) provides, in part, that:  "Within 30 days of receipt of the grievance record, the court, sitting without a jury, shall hear the appeal on the record."  This provision is directory and procedural rather than mandatory and jurisdictional, because it merely directs the mode of proceeding by the circuit court.  Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994) (use of "shall" in

9

statute requiring action by public official is directory unless statute manifests contrary intent).  See Welding, Inc. v. Bland County Serv. Auth., 261 Va. 218, 225, 541 S.E.2d 909, 912-13 (2001).

And, this issue has not been properly preserved by an assignment of cross-error for review by this Court.  Rule 5:18(b) (cross-error not assigned in brief in opposition not to be noticed).

The Court of Appeals did not rule in favor of the Department on the issue of the circuit court's lack of jurisdiction.  In order to preserve that issue for our review, an assignment of cross-error citing the Court of Appeals' failure to so rule was necessary.  Wells v. Shoosmith, 245 Va. 386, 388 n.1, 428 S.E.2d 909, 910 n.1 (1993).

Consequently, the judgment of the Court of Appeals in favor of the Department will be reversed, and the order of the Circuit Court of the City of Staunton dated September 5, 2002 shall be reinstated and affirmed.  The case will be remanded to the Court of Appeals with direction that the matter be remanded to the said circuit court.

Upon remand, the circuit court shall consider, in view of these appeals, only its award of reasonable attorneys' fees and costs pursuant to Code § 2.2-3006(E).

Reversed and remanded.