PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Stephenson, S.J.

JOHN C. HOLLAND ENTERPRISES, INC.

OPINION BY
v. Record No. 061085    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                   April 20, 2007

SOUTHEASTERN PUBLIC SERVICE AUTHORITY OF VIRGINIA, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

In this appeal, which presents a case of first impression, we determine whether the trial court erred in determining that Code § 15.2-5121(A) does not apply to a municipally created waste authority that enters into a new service.

I

This matter was decided on demurrer; therefore, the facts are as alleged in the bill of complaint as follows. Since 1979, the plaintiff, John C. Holland Enterprises, Inc. (Holland), has owned and operated a construction, demolition, and debris waste (CDD) landfill in the City of Suffolk. The landfill is operated pursuant to a permit issued by the Commonwealth of Virginia. The defendant, Southeastern Public Service Authority (SPSA), is a refuse collection and disposal authority created under the provisions of the Virginia Water and Waste Authorities Act, Code § 15.2-5100, et seq.

In 1985, SPSA opened its regional municipal solid waste (MSW) landfill for the purpose of providing MSW services to its

member cities and counties and to the public.  MSW consists of household garbage and other household refuse of the type normally collected by cities and sent to a MSW landfill.

A different type of landfill handles CDD.  CDD is generally comprised of concrete, bricks, wood, drywall, wires, electrical fixtures, shingles, and similar materials.

In 2003, SPSA made an unannounced entry into the arena of CDD services by offering CDD services to one private company, defendant Bay Disposal, Inc.  SPSA did not offer CDD services to the general public, and it did not put CDD services on the public service charge list.  When this unannounced activity became known, Holland complained.  Ultimately, SPSA extended the CDD services to the general public over Holland's objections. SPSA did not make any of the findings mandated by Code § 15.2-5121(A) before offering this new service.

II

On April 22, 2005, Holland filed its bill of complaint, asking the trial court to enjoin SPSA's CDD services until it and its member localities made the requisite findings mandated by Code § 15.2-5121(A).  Code § 15.2-5121(A), in pertinent part, provides the following:

> No authority shall operate . . . a refuse collection and disposal system for any political subdivision . . . unless the authority, and subsequently the locality's governing body find:  (i) that privately owned and operated refuse collection

2

and disposal services are not available on a voluntary basis by contract or otherwise, (ii) that the use of such privately owned services has substantially endangered the public health or has resulted in substantial public nuisance, (iii) that the privately owned refuse collection and disposal service is not able to perform the service in a reasonable and cost-efficient manner, or (iv) that operation by such authority . . . , in spite of any potential anti-competitive effect, is important in order to provide for the development and/or operation of a regional system of refuse collection and disposal for two or more units.

SPSA filed a demurrer, contending that Holland "fails to state a cause of action because [Code §] 15.2-5121 is not implicated or violated under the facts alleged."  The trial court sustained SPSA's demurrer, stating the following:

It is clear to the Court from a reading of the statute that the CDD waste program operated by SPSA is a service, and not a system as provided for in the statute.  Otherwise, the inclusion of both terms, "service" and "system" in [Code] § 15.2-5136 would be unnecessarily redundant and meaningless.[1]  I consider this plain language as evincing a legislative intent to treat the separate terms, "systems" and "services", as describing different functions.  Specifically, therefore, I hold that the term "service" is an included component of, and thus part and parcel of, a "system."

Accordingly, I hold that the extension of SPSA's waste disposal operation to include CDD waste was not a new system requiring the [Code] § 15.2-5121 statutory findings.  It was simply a new service. SPSA was therefore free to institute the new service without making the [Code] § 15.2-5121 findings.

_____

[1] Code § 15.2-5136 governs the fixing and revising of rates, fees, and other charges for the services furnished or to be furnished by various systems.  Subsection F thereof permits an authority to establish rates and charges "for the services and facilities of . . . a refuse collection and disposal system."

3

We awarded Holland this appeal, limited to one assignment of error, which reads as follows:

> The trial court erred in determining that Va. Code § 15.2-5121(A) does not apply to a municipally-created waste authority and its member communities that operate a landfill and then later enter into a new service, without making any of the findings required by the statute.

### III

"Interpretation of a statute is a pure question of law subject to de novo review by this Court." Virginia Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006); accord Renkey v. County Bd. of Arlington County, 272 Va. 369, 373, 634 S.E.2d 352, 355 (2006); Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003). When we interpret a statute, we must determine the General Assembly's intent from the words used in the statute, unless the language of the statute is ambiguous or would lead to an absurd result. Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001). We also do not question whether legislation is wise. Horner v. Department of Mental Health, 268 Va. 187, 193, 597 S.E.2d 202, 205 (2004); City of Portsmouth v. City of Chesapeake, 232 Va. 158, 163, 349 S.E.2d 351, 353 (1986).

Additionally, when a trial court grants a demurrer, we likewise review the court's action de novo. In so doing, we apply the same standard the trial court applied, i.e., "whether

4

the facts . . . pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action" against SPSA. See Thompson v. Skate America, Inc., 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001).

IV

Holland contends that the purpose of Code § 15.2-5121(A) is to protect the private sector and to require a waste authority like SPSA to make the requisite findings before entering into a new service.  Holland further contends that, if the General Assembly did not intend to require that such findings be made, then "there would have been no reason for" Code § 15.2-5121(E), which, it asserts, provides for the grandfathering of services existing as of July 1, 1983.[2]

SPSA contends that Code § 15.2-5121(A) applies only to the initial decision to operate a system, and it points out that nowhere in the statute does the term "new service" appear.  SPSA further contends that Holland's argument regarding Code § 15.2-5121(E) "rest[s] on its assumed meaning of [Code] § 15.2-5121(A)" and that this Court need only interpret Code § 15.2-5121(A).

---

[2] Code § 15.2-5121(E) provides that the requirements and restrictions of Code § 15.2-5121 "shall not apply in any political subdivision wherein refuse collection and disposal services are being operated or contracted for by any sanitary district located therein, as of July 1, 1983."

5

V

We agree with SPSA and reject Holland's contentions. Code § 15.2-5121(A) provides, in pertinent part, that no authority shall "operate . . . a refuse collection and disposal system" unless certain findings are made regarding, among other things, the private availability of "refuse collection and disposal services." Code § 15.2-5101 defines a "[r]efuse collection and disposal system" as a "system, plant or facility designed to collect, manage, dispose of, or recover and use energy from refuse," or solid waste. Therefore, no authority can operate a solid waste collection and disposal landfill unless the authority determines, among other things, that the collection and disposal services are not privately available. Neither Code § 15.2-5121(A) nor Code § 15.2-5101, however, distinguishes between types of services or refuse. All Code § 15.2-5121(A) requires is that an authority makes the findings before undertaking to operate its system.[3]

In the present case, SPSA had long been operating its landfill when it expanded its services to include CDD. Nothing in Code § 15.2-5121(A) required SPSA to make any findings before doing so. Therefore, upon our de novo review, we determine that

---

[3] Our interpretation of Code § 15.2-5121(A) is not inconsistent with Code § 15.2-5121(E). Thus, we reject Holland's "grandfathering" argument.

6

Holland cannot state a cause of action against SPSA.

Accordingly, the trial court's judgment will be affirmed.

<u>Affirmed</u>.