**Richmond**

PENCE HOLDINGS, INC.

v.

AUTO CENTER, INC., d/b/a

SOUTHSIDE DODGE, et al.

No. 0007-94-2

Decided February 21, 1995

COUNSEL

Edward E. Nicholas, III (Jonathan S. Geldzahler; Wright, Robinson, McCammon, Osthimer & Tatum, on briefs), for appellant.

John K. Burke, Jr., (Gerard J. Roerty, Jr; David F. Peters; Claudia T. Farr; Mays & Valentine, Hunton & Williams, on brief), for appellees Page Dodge, Inc., Chrysler Corporation, and Auto Center, Inc.

(James S. Gilmore, III, Attorney General; Eric K. G. Fiske, Assistant Attorney General, on brief), for appellee Department of Motor Vehicles.

OPINION

BAKER, J.—This is an appeal by Pence Holdings, Inc. (Pence) from a judgment of the Circuit Court of the City of Richmond (trial court) that affirmed a decision of the Department of Motor Vehicles (DMV) which denied Pence a hearing under Code § 46.2-1569(4). This appeal emanates from a May 28, 1993 letter by Pence addressed to DMV Commissioner Donald E. Williams advising that Pence had "received a letter from Chrysler Corporation, indicating a proposal to *relocate* Southside Dodge from its current Relevant Market Area into the R.M.A. occupied by my dealership, Al Smith Chrysler, Plymouth Dodge t/a Pence Chrysler Plymouth Dodge."[1] The following protest was included in that letter:

---

[1] Pence Holdings, Inc. (Pence) is a holding corporation that owns one hundred percent of the stock of Al Smith Chrysler-Plymouth, Inc., t/a Pence Chrysler Plymouth Dodge (Smith). Smith is a Chrysler franchisee whose business is located on U.S. Route 1, south of Ashland, Virginia. Auto Center, Inc., d/b/a as Southside Dodge (Southside) is a franchisee of Chrysler located on the southside of Richmond at 5500 Midlothian Turnpike. Lawrence Page owns Page Dodge, Inc. d/b/a Mechanicsville Dodge (Page).

Al Smith Chrysler, Plymouth Dodge t/a Pence Chrysler Plymouth Dodge hereby protests this intended *relocation*[2] and requests a hearing under Section 46.2-1569 (4) of the Code of Virginia (1950) as amended, to prohibit such additional Dodge dealership in my relevant market area unless the manufacturer can prove by clear and convincing evidence that the market will support all dealers, including Southside Dodge in that line-make.

The letter from Chrysler Corporation (Chrysler) referred to in Pence's May 28, 1993 letter provided:

Dear Mr. Pence:

The Washington Zone is in the process of recommending approval of a buy/sell proposal from Auto Center, Inc., DBA, Southside Dodge.

This proposal will result in the Dodge franchise being purchased by Mr. Lawrence Page and *relocated* to exclusive sales and service facilities at 6700 Mechanicsville Turnpike in Mechanicsville, Virginia.

On June 23, 1993, the DMV wrote to Pence, advising that after reviewing information provided by Pence and Southside Dodge, the DMV concluded as follows:

Based on this information, the planned sale and *relocation* of Southside Dodge to Mechanicsville, Virginia, appears to be the *relocation* of an existing dealership within that dealers [sic] existing area of responsibility. It also appears that the proposed *relocation* point will be more than ten miles distant from any other dealer of the same line make.

The DMV letter then stated that Code § 46.2-1569(4)(i) precluded Pence from a full hearing on the matter; however, the letter further advised that it would review any other information Pence might care to provide.

On July 7, 1993, attorneys for Pence wrote to the DMV and advised that they had been "engaged to represent the Pence Auto-

---

[2] Throughout this opinion, emphasis to the word "relocation" is supplied.

motive Group in relation to the *relocation* of Southside Dodge to Mechanicsville, Virginia." In that letter, counsel further noted "that Chrysler was in the process of recommending approval for the sale and *relocation* of Southside Dodge as discussed above. The proposed *new location* is 6700 Mechanicsville Turnpike in Mechanicsville, Virginia." The letter contained several other references indicating that the question to be answered by the DMV involved a *relocation* of an existing dealership. Nothing in the letter raised as a concern the granting of a new dealership.

In a letter dated July 8, 1993, the DMV advised Pence's attorneys that the DMV had a copy of the sales agreement between Southside and Page showing Mechanicsville was the "Sale Locality Description" and added that Code § 46.2-1569(4)(i) did not apply to "the relocation of an existing dealer within that dealers [sic] relevant market area if the relocation site is to be more than ten miles distant from any other dealer of the same line-make." The DMV letter noted that mileage measurements disclosed the *relocation* would be more than ten miles from Pence's dealership location and closed by stating that "[i]t appeared that the facts were clear and that the Code specifically addressed the issue being raised by Mr. Pence" which was clearly *relocation* of an existing dealership. The DMV concluded that "no further investigation or hearing was felt to be warranted."

Pursuant to the provisions of the Administrative Process Act (APA), Pence appealed to the circuit court. Appellees moved the trial court to dismiss the appeal, asserting that neither Pence nor Pence Automotive Group had standing to challenge the DMV decision. The trial court denied that motion on the ground that all parties had treated Pence as a proper party throughout the proceedings.

In the trial court, Pence argued that the sale of Southside to Page, and the establishment of the dealership in Mechanicsville, constituted the creation of a new franchise.[3] That issue was not presented to the DMV and the trial court held that Pence was

---

[3]  If the sale of Southside to Page resulted in the issuance of a new franchise, Page could not operate within fifteen miles of Pence without a hearing before the DMV, *see* Code §§ 46.2-1500 and 46.2-1569(4); however, a dealership may be *relocated* without a hearing if the *relocation* point is more than ten miles from an existing dealer. The intended *relocation* was shown to be more than eleven miles from Pence.

estopped from raising it in the appeal to the trial court from the DMV.

It its opinion, the trial court said:

It is Pence's position that there is nothing in DMV's evidential record to support DMV's conclusion that the transaction between Chrysler, Page, and Auto Center in this case was a *'relocation* of an existing dealer' rather than a creation of a new dealership.

The trial court held that because Pence did not raise that issue before the DMV, Pence should not be permitted to raise that question before the trial court.

■ On appeal to the circuit court from an administrative body the appeal is based only upon the record before the agency as if it were an appeal from the circuit court to an appellate court. The trial court declined to recognize this principle. However, the trial court made the following finding:

Because Pence never took issue with DMV's classifying the transaction as a *relocation*, and in fact affirmatively and repeatedly characterized the transaction as a *relocation* itself, Pence is now estopped from arguing that the transaction was not a *relocation*.

The trial court then held that the issue as presented by Pence to the trial court was inconsistent with the position it took before the DMV and refused to allow it.

■ We hold that an appellant, under the provisions of the APA, may not raise issues on appeal from an administrative agency to the circuit court that it did not submit to the agency for the agency's consideration. In perfecting its appeal from the DMV to the trial court, Pence's petition for appeal averred that the appeal was made pursuant to Code §§ 9-6.14:16 *et seq.* Code § 9-6.14:17, relating to issues on appeal, requires that the party complaining of the agency action has the burden to "*designate* and demonstrate an error of law subject to review," and that the determination of the issue is to be made upon the "whole evidential record provided by the agency." In *School Bd. v. Nicely*, 12 Va. App. 1051, 408 S.E.2d 545 (1991), we said, "under the VAPA,

the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court. In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal." *Id.* at 1062, 408 S.E.2d at 551. Thus, the trial court did not err when it refused to consider an issue raised for the first time on appeal from the DMV decision.

Therefore, the issue we consider is whether evidence in this record supports the DMV's finding that the subject sale of Southside to Page and move of the place of business was the *relocation* of an existing franchise. The record clearly supports the DMV's finding that the subject transaction was the *relocation* of an existing franchise and that the existing dealership was to be re-established within the limits provided by Code § 46.2-1569(4).

Therefore, it is not necessary that we address the other issues presented by this appeal. Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Fitzpatrick, J., concurred.