# CIRCUIT COURT OF FAIRFAX COUNTY

Stephanie Sherline

     v.

Patrick Finnerty,
Director of the Department
of Medical Assistance Services

June 21, 2004

Case No. (Chancery) 188631

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before the court on May 28, 2004, on a petition for appeal. Stephanie Sherline petitions this court on behalf of her husband, Lee Sherline, now deceased, to review a decision of the Department of Medical Assistance Services (" DMAS" ), which upheld the denial of Medicaid benefits to him. The issues before this court are: (1) whether the DMAS hearing officer correctly determined the petitioner's Medicaid eligibility, and (2) whether the Medicaid Eligibility Worker had an affirmative duty to tell Mrs. Sherline that she should set aside burial funds?

## I. *Facts*

Lee Sherline was first hospitalized in November of 2002. On February 6, 2003, Mr. Sherline was admitted to INOVA Cameron Glen Care Center, a nursing facility in Reston.

On March 27, 2003, Stephanie completed a Medicaid Resource Assessment Request for Lee.

On May 8, 2003, Stephanie Sherline applied for Medicaid on behalf of Lee.

The Department of Family Services ("DFS") determined the community spouse Stephanie's resource amount to be $18,132, the minimum spousal resource standard. DFS determined the couple's total countable resources in the month of application to be $31,121.83.

On September 5, 2003, the DFS worker completed an Institutionalized Spouse Resource Eligibility Worksheet, and the DFS worker denied Medicaid eligibility for Lee for certain months due to excess resources. The DFS worker mailed a Notice of Action.

On October 1, 2003, DMAS received an appeal request from Petitioner, Lee's Representative.

## II. *Standard of Review*

Review of case decisions involving the grant or denial of Medicaid is governed by Article Five of the Virginia Administrative Process Act (" VAPA" ), Va. Code §§ 2.2-4025 to 2.2-4030. Va. Code § 2.2-4025(B). Such review is based solely upon the agency record, and the role of the court is limited to ascertaining whether there is evidence in the agency record to support the decision of the agency acting as trier of fact. *Id.*

The burden is on the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Va. Code § 2.2-4027. "Errors of law fall into two categories: first, whether the agency decision-maker acted within the scope of his authority and, second, whether the decision itself was supported by the evidence." *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1998).

"Where the agency has the statutory authorization to make the kind of decision it did and it did so within the statutory limits of its discretion and with the intent of the statute in mind, it has not committed an error of law in the first category." *Id.* "The second category of error is limited to a determination whether there is substantial evidence in the agency record to support the decision." *Id.*

## III. *Role of the Court*

Cases subject to the standard of review outlined in Va. Code § 2.2-4027 (formerly Va. Code § 9-6.14:17) are not heard as trials *de novo* since the factual issues on appeal are controlled by the agency record. See, *School*

*Board v. Nicely*, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991). "Under the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." *Id.*

## IV. *Sherline's Claims*

In the petition for appeal, Sherline designates as an error of law, the Hearing Officer's conclusion that under M1130.410(A) and (B) of the Medicaid Manual, Volume XIII, the only burial funds that may be excluded when calculating resource eligibility are those funds that have been clearly designated for the applicant and/or the applicant's spouse. Petitioner contends that there is no such designation requirement included in M1408.220, which sets forth the resources to be excluded when doing a community spouse resource assessment.

As to this assignment of error, I find that the Department of Medical Assistance Services did not abuse its discretion in determining that neither Stephanie nor Lee had designated burial funds. M1130.410 of the Medicaid Manual explains the burial funds exclusion. That section provides that burial funds are irrevocable burial trust established after August 11, 1993, revocable burial trusts, revocable burial contracts, other revocable burial arrangements, cash, financial accounts, or other financial instruments with a definite cash value. The funds must be clearly designated for the individual's or spouse's burial, cremation, or other burial related expenses. M1130.410(B)(1). Further, effective August 1, 1994, burial funds must be kept separate from nonburial-related assets in order to qualify for the exclusion. M1130.410(C)(3)(a).

M1480.220, on the other hand, governs resource assessment of married individuals with community spouses who are in-patients in medical institutions or nursing facilities. When making the resource assessment and spousal share calculation to determine eligibility for long term care, certain resources are excluded. Among the excluded resources is up to $1,500 in burial funds for each spouse.

I find that burial funds excluded pursuant to M1480.220(B)(2) must meet the definition of burial funds set forth in M1130.410(A) and (B). It is undisputed that neither Lee nor Stephanie had designated burial funds. Accordingly, I affirm the judgment of the hearing officer.

In addition, Petitioner contends that the agency failed to observe required procedures because the eligibility worker never advised the petitioner that she could set aside up to $3,500 each for Lee and herself for burial expenses. In support of this argument, Petitioner relies on M1130.410(E)(1) of the Medicaid Manual.

I note that petitioner claims the eligibility worker had an affirmative duty under M1130.410 to inform petitioner of the burial funds exclusion. In this way, Petitioner seeks to use M1130.410 as a shield despite the fact that she denies its applicability to the application for long term care under M1480.220.

I note at the outset that the alleged failure of the eligibility worker to advise the petitioner that she should set funds aside for burial was not submitted to the agency for consideration. In *Pence Holdings, Inc. v. Auto Center, Inc.*, the Virginia Court of Appeals held that an appellant, under the provisions of the VAPA, may not raise issues on appeal from an administrative agency to the circuit court that it did not submit to the agency for the agency's consideration. 19 Va. App. 703, 707, 454 S.E.2d 732, 734 (1995).

Nevertheless, I find that the eligibility worker did not have an affirmative duty to advise Ms. Sherline to set funds aside so that she could benefit from the burial funds exclusion. M1130.410(E)(1) instructs the Medicaid eligibility worker to ask the applicant about burial funds. Specifically, that section states, "unless the individual is ineligible for a reason other than resources, inquire to determine the presence of excluded burial funds. Note: Make sure the individual understands what we mean by a burial fund and the effect a burial fund could have on countable resources and income."

M1130.410(E)(1) instructs the eligibility work to determine the presence of excluded burial funds. As I interpret that section, the eligibility worker is to ask the applicant whether she, at that time, has any funds set aside for burial. The eligibility worker is also instructed to make sure that the applicant understands what DSS means by a burial fund. This is important, as an applicant may believe he or she has burial funds simply because they have budgeted for the death of a loved one, yet this may not qualify as burial funds for purposes of the resources assessment exclusion unless the applicant has met the requirements set forth in M1130.410(B) to (D). Thus, M1130.410(E)(1) directs the eligibility worker to determine whether the applicant has any presently existing burial funds as that term is defined by the Medicaid Manual.

It is undisputed that on May 8, 2003, when Ms. Sherline applied for Medicaid on behalf of Lee, they did not have any burial funds as that term is defined by the Medicaid Manual. Thus, although the eligibility worker is instructed to inquire into the presence of burial funds, any failure on the part of the eligibility worker to ask Ms. Sherline whether she had any burial funds was harmless error because Ms. Sherline could not have excluded non-designated funds. It may very well be that an eligibility worker can assist an applicant in setting aside burial funds for exclusion. I do not, however, read M1130.410 to require such assistance. Further, this court must give weight to the presumption of official regularity, the experience and specialized

158

competence of the agency, and the purposes of the basic law under which the agency has acted. Va. Code § 2.2-4027.

For all of the foregoing reasons, I affirm the decision of the Department of Medical Services.

## Final Decree

This cause came upon the Complainant's Petition for Appeal from a decision of the Department of Medical Assistance Services, and, upon the matters presented to the Court at the Hearing, it is adjudged, ordered, and decreed as follows. For the reasons set forth in the Opinion Letter, dated June 21, 2004, and incorporated herein, Complainant's Petition for Appeal is denied and the decision of the Department of Medical Assistance Services hearing officer is affirmed. Complainant's exceptions to this ruling are preserved, and this cause is ended.