COURT OF APPEALS OF VIRGINIA


Present:  Judges Haley, Petty and Powell
Argued at Salem, Virginia


SMITTY'S, INC., T/A
  SMITTY'S PLACE
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0684-10-3                       JUDGE JAMES W. HALEY, JR.
                                                         NOVEMBER 9, 2010
COMMONWEALTH OF VIRGINIA DEPARTMENT
  OF ALCOHOLIC BEVERAGE CONTROL


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

      Kimberley A. Murphy (Hale Carlson Baumgartner, PLC, on briefs),
      for appellant.

      K. Michelle Welch, Assistant Attorney General (Kenneth T.
      Cuccinelli, II, Attorney General; Richard F. Neel, Jr., Deputy
      Attorney General; Donald R. Ferguson, Senior Assistant Attorney
      General, on brief), for appellee.


I.  INTRODUCTION

      The circuit court affirmed a decision of the Alcoholic Beverage Control (ABC) Board

finding Smitty's in violation of provisions of the ABC Act (and accompanying regulations) and

revoking Smitty's ABC licenses.  In that court, as here, Smitty's substantively challenged the

violations by raising issues of statutory interpretation.  We hold that since Smitty's (1) conceded

the violations before the Board, seeking only mitigation in punishment, and (2) failed to raise the

legal issues before the Board, it may not raise the same upon appeal.  Thus, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## II. BACKGROUND

Given our resolution of this case, the relevant facts may be succinctly stated.

Smitty's is a business in Amherst County that held wine and beer and mixed beverage licenses from the Department of Alcoholic Beverage Control. As a result of an investigation, the Department charged Smitty's with twenty-one violations of the ABC Act and the accompanying regulations. Following an October 22, 2008 hearing, the hearing officer issued a decision on January 15, 2009, finding Smitty's guilty of fourteen violations, and revoking Smitty's licenses. Smitty's appealed to the ABC Board.

At the beginning of the hearing on June 16, 2009, the Board inquired as to "your reasons . . . you disagree with" the decision. Smitty's counsel conceded the merits of the charges. Instead of contesting them, he tried to persuade the Board to impose a lesser penalty than revocation. Counsel argued: "[W]e do not contest the findings of the hearing officer except the emphasis -- we think the emphasis were [sic] put on some of the facts that we would put on different facts, so we suggest . . . the basic findings were sustained and we are submitting . . . an offer in compromise . . . ." Counsel then detailed two prior offers in compromise by Smitty's. He continued by addressing a third offer and mitigating reasons for why the Board should accept that compromise. These reasons included completion of a security training course, attendance at ABC seminars, and the assertion that the owner and her daughter are "now proactive in making sure that they don't have any more violations." He concluded: "I suggest that the penalty suggested in the offer of compromise is appropriate for the violation[s]."

At no time did counsel seek dismissal of any of the charges or cite any law related to the issues now appealed. The Board affirmed the decision of the hearing officer to revoke Smitty's licenses.

Smitty's filed a petition for reconsideration with the Board. Especially relevant are the concluding two paragraphs:

> The penalty recommended by the ABC of revocation of license is much too severe. [The owner's] record prior to these incidents was unblemished and giving [the owner] the ultimate penalty is much too harsh given the circumstances. The allegations against her warrant, at most, a suspension, a fine and a period of probation.
>
> In conclusion, although [the owner] did not have knowledge of some of the circumstances involving these violations, she realizes as owner of Smitty's Place, she is responsible for compliance with the ABC laws and regulations and has conducted her business in an exemplary fashion since these charges were filed.

Again, Smitty's did not contest the evidence supportive of the violations, or offer any argument or cite any law involving the provisions of the ABC Act or its promulgated regulations. The Board denied Smitty's petition for reconsideration.

In the subsequent appeal to the circuit court, Smitty's argued that nine of the fourteen charges found against it should be dismissed, on both evidentiary and legal grounds. The circuit court affirmed the Board.

### III. ANALYSIS

#### A. Concession

Smitty's seeks dismissal of nine of the fourteen charges found against it by the Board. To this end, it makes four arguments. Three of these arguments concern statutory interpretation. The final contention maintains Smitty's was found liable for conduct that occurred on a different date than charged. Since Smitty's conceded the issue of its liability before the Board and only sought to mitigate its punishment, we hold these arguments waived.

Under the Administrative Process Act, the agency acts in the role of the trial court. Sch. Bd. of the County of York v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991).

- 3 -

Thus, when appealing from an administrative decision, a party must have presented an issue to the agency in order to have preserved it for appeal. Doe v. Va. Bd. of Dentistry, 52 Va. App. 166, 176, 662 S.E.2d 99, 104 (2008) (*en banc*); Suprenant v. Bd. for Contractors, 30 Va. App. 165, 174, 516 S.E.2d 220, 224 (1999); Pence Holdings, Inc. v. Auto Ctr., Inc., 19 Va. App. 703, 707, 454 S.E.2d 732, 734 (1995). Issues conceded in a lower forum will not receive consideration on appeal. Logan v. Commonwealth, 47 Va. App. 168, 172 n.4, 622 S.E.2d 771, 773 n.4 (2005) (*en banc*); see also Latham v. Commonwealth, 184 Va. 934, 936-37, 37 S.E.2d 36, 37 (1946) (holding that where counsel moved to strike on a ground, but then "abandoned this contention and no action thereon was taken by the trial court," the issue was not preserved).

The record reveals that Smitty's conceded liability on the charges and limited its contentions to mitigation of punishment before the Board. In oral argument before the Board, Smitty's admitted the existence of "the violation[s]" and that "the findings of the hearing officer . . . were sustained." As quoted above, both in initial oral argument and in the petition for reconsideration, Smitty's clearly sought no other relief than mitigation. At no time before the Board did Smitty's seek to have any of the charges dismissed.

Simply stated, while before the Board Smitty's admitted liability and merely attempted to mitigate punishment, it now denies liability and seeks dismissal of many of the charges. Having conceded the relevant issues before the Board, Smitty's may not contest them on appeal.[1]

---

[1] Although the Attorney General has not argued on brief for procedural default on this ground, this does not prevent us from addressing it. See Meade v. Commonwealth, 177 Va. 811, 816, 12 S.E.2d 796, 798 (1941). As our Supreme Court held in another case:

> From the opinion of the trial judge and the statement of counsel made at the bar of his court, it appears that objection here urged to plaintiff's instruction No. 3 was not made at the time it was presented, but it was agreed between counsel, without the consent of the court, that any ground of objection to the instructions, whether raised at the time the judge ruled thereon or not, might be incorporated in a bill of exception and made a part of

B. Failure to Raise Issues

In addition to having waived consideration of the issues now appealed by affirmative concession, Smitty's has also waived its issues by simply failing to raise them during the administrative appeal before the Board.

As noted above, a party must assert an issue before an agency to preserve it for appeal to the courts. Doe, 52 Va. App. at 176, 662 S.E.2d at 104. We find that in the context of the ABC Act, a party must raise an issue before the Board during an administrative appeal to preserve it, aside from whether the party raised it before a hearing officer.

In Pence Holdings, we based our determination that a party must raise an issue before an agency to preserve it on the fact that the statute requires a party to "'*designate* and demonstrate an error of law subject to review'" and that the agency acts as the trial court under the Administrative Process Act. 19 Va. App. at 707-08, 454 S.E.2d at 734-35 (quoting now Code 2.2-4027).

The regulations set forth the procedures for appeal from the decision of a hearing officer. The regulations provide that "[a]n interested party may appeal to the board an adverse initial decision, including the findings of fact and the conclusions, of a hearing officer or a proposed

the record. This is in conflict with the provisions of Rule XXII, adopted primarily for the benefit of trial courts, the purpose of which is to require the ground of objection to be stated with reasonable certainty before the question is decided.

The procedure followed in this instance is unfair to trial courts. The grounds of objection to instructions which are not stated before the instructions are granted will not be considered by this court, unless they come within the terms of the exception stated in the rule, or unless the trial judge himself waives the application of the rule. This eliminates from our consideration the objection to instruction No. 3.

James v. Haymes, 160 Va. 253, 265, 168 S.E. 333, 337 (1933).

- 5 -

decision, or any portion thereof, of the board provided a request in writing is received." 3 VAC 5-10-240(A). After the Board reaches a decision, a party may request reconsideration by filing a petition containing "a full and clear statement of the facts pertaining to the grievance, the grounds in support thereof, and a statement of the relief desired." 3 VAC 5-10-340.

We hold that by virtue of these regulations, a party must assert an issue to the Board to preserve it for appeal to the courts. By informing a party it may appeal "the findings of fact and the conclusions" of the hearing officer, the regulations plainly provide a party should raise any factual or legal issues it desires. The regulation concerning reconsideration further requires specificity by telling a party to include "the grounds in support" of reconsideration, as well as "a statement of the relief desired." In short, the regulations seek to allow the Board to correct any agency error. When a party fails to inform the Board of an argument, it deprives the Board of that opportunity. By denying the Board a chance to rule on an issue when the Board could have, an appealing party may not "designate and demonstrate an error of law subject to review" under Code § 2.2-4027 and Pence Holdings, 19 Va. App. at 707-08, 454 S.E.2d at 734-35.

This holding also finds support in basic notions of fairness. Subsequent to Pence Holdings, we noted the requirement to raise an objection before an agency is akin to the contemporaneous objection rule of Rule 5A:18. Goad v. Va. Bd. of Med., 40 Va. App. 621, 624 n.3, 580 S.E.2d 494, 495 n.3 (2003); Consol. Coal Co. v. Dep't of Mines, Minerals and Energy, 33 Va. App. 784, 791, 537 S.E.2d 15, 19 (2000).[2] The contemporaneous objection rule exists "to afford the trial judge a fair opportunity to rule intelligently on objections while there is still an opportunity to correct errors in the trial court and to protect the trial court from litigants

---

[2] Our cases may cause some confusion by citing Rule 5A:18 as if the requirement to raise an issue before an agency flowed directly from it. Rather, as Pence Holdings makes clear, this requirement comes from the Administrative Process Act. By its terms, Rule 5A:18 applies only to rulings of circuit courts or the Workers' Compensation Commission.

asserting error on appeal that had not been raised at trial." <u>Vasquez v. Mabini</u>, 269 Va. 155, 163, 606 S.E.2d 809, 813 (2005) (citation omitted). The rule "was adopted for the very purpose of preventing the setting of traps for trial courts." <u>Keeney v. Commonwealth</u>, 147 Va. 678, 690, 137 S.E. 478, 482 (1927). Since the rule encourages early resolution of disputes, it "tends to promote, not hinder, the administration of justice." <u>Jimenez v. Commonwealth</u>, 241 Va. 244, 249, 402 S.E.2d 678, 680 (1991). The rule is to be "strictly enforced." <u>Brown v. Commonwealth</u>, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989).

In this case, Smitty's never informed the Board of the arguments it now asserts. To preserve an issue, Smitty's had the obligation to state it "with specificity." <u>Nelson v. Commonwealth</u>, 50 Va. App. 413, 420, 650 S.E.2d 562, 566 (2007). Smitty's made a specific "statement of the relief desired," 3 VAC 5-10-340, by requesting mitigation. However, Smitty's never sought to have any of the charges dismissed, which is the relief it seeks on appeal.[3] Thus, Smitty's has not preserved these arguments.

For the foregoing reasons, the judgment of the circuit court is affirmed.

<u>Affirmed.</u>

---

[3] At oral argument, Smitty's counsel conceded that Smitty's only sought mitigation before the Board. Oral Argument Audio at 28:21.