COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


ALFON MARISTELA
                                                    MEMORANDUM OPINION[*]
v.        Record No. 1203-10-3                           PER CURIAM
                                                    NOVEMBER 23, 2010
VIRGINIA BOARD OF NURSING


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                              Charles N. Dorsey, Judge

          (Thomas E. Strelka; Strickland, Diviney & Strelka, on brief), for
          appellant.

          (Kenneth T. Cuccinelli, II, Attorney General; David E. Johnson,
          Deputy Attorney General; Howard M. Casway, Senior Assistant
          Attorney General; Allyson K. Tysinger, Senior Assistant Attorney
          General, on brief), for appellee.


          Alfon Maristela appeals the trial court's ruling affirming the decision of the Virginia Board

of Nursing (the Board) to indefinitely suspend his nursing license for a period of not less than two

years.  Maristela argues that (1) the testimony of Carla Hazelwood regarding statements made three

years prior by an unnamed witness, dubbed "Patient B," violated Maristela's constitutional right of

confrontation in administrative hearings; (2) the Board lacked sufficient evidence to lawfully

conclude that Maristela failed to obtain vital signs and assess "Patient A" at the appointed times

during his shift on August 29, 2006 or August 30, 2006; (3) the Board lacked sufficient evidence to

lawfully conclude that Maristela failed to obtain vital signs and assess a patient suffering a left

popliteal bypass at the appointed times during his shifts on September 7, 2006 and September 10,

2006; (4) the Board lacked sufficient evidence to lawfully conclude that Maristela fell asleep on his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

shift in contravention of his duties as an on-duty nurse; (5) the trial court erred by finding that the Board's decision was in conformity with statutory and constitutional authority and that the Board's final decision was supported by substantial evidence; and (6) the actions of the Board amounted to a miscarriage of justice such that this Court should apply the "ends of justice" exception to Rule 5A:18. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

Maristela was issued a nursing license on March 15, 2004. At the time of the incidents, Maristela worked 7:00 p.m. to 7:00 a.m. in the Progressive Care Unit at Carilion Roanoke Memorial Hospital (Carilion). After receiving patient complaints and peer complaints, Carilion conducted a formal investigation. Maristela was suspended from employment on September 18, 2006, pending the investigation, and terminated on September 25, 2006.

On January 9, 2009, Maristela was noticed for an informal conference regarding the complaints and his nursing license. Maristela did not appear at the informal conference. The "Agency Subordinate," who conducted the conference, recommended that the matter be referred to the Board for a full hearing. The Board accepted the recommendation, and on June 23, 2009, Maristela was noticed for a formal administrative hearing. The Commonwealth argued that Maristela failed to properly care for his patients, falsified documents, and fell asleep during his shift. Maristela appeared *pro se* at the administrative hearing on July 22, 2009. He had the opportunity to cross-examine the Commonwealth's witnesses and testified on his own behalf. At the conclusion of the hearing, the Board voted to suspend indefinitely Maristela's nursing license for at least two years.

Maristela appealed to the trial court.  The trial court affirmed the Board's decision and held that Maristela

> failed to demonstrate an error of law subject to review; that the Board decision was in conformity with Constitutional Rights and Statutory Authority; that the Board's decision was supported by substantial evidence in the Record and that the Board's Conclusions of Law constitute proper construction of the regulations at issue in this case.

This appeal followed.

## ANALYSIS

### Right to confront witnesses

Maristela argues that the testimony of Carla Hazelwood regarding statements made three years prior by "Patient B" violated Maristela's constitutional right to confront witnesses.  He also contends that Hazelwood's testimony regarding Patient B amounted to "inadmissible hearsay."

Maristela did not object to Hazelwood's testimony regarding Patient B at the hearing before the Board.  The first time he raised this issue was in the trial court.

"We hold that an appellant, under the provisions of the APA, may not raise issues on appeal from an administrative agency to the circuit court that it did not submit to the agency for the agency's consideration."  Pence Holdings, Inc. v. Auto Center, Inc., 19 Va. App. 703, 707, 454 S.E.2d 732, 734 (1995); see also Doe v. Virginia Board of Dentistry, 52 Va. App. 166, 176, 662 S.E.2d 99, 104 (2008) (en banc).

Appellant asks this Court to apply the "ends of justice" exception to Rule 5A:18.  We decline to do so.

### Sufficiency of the evidence

Maristela argues that the Board lacked sufficient evidence to lawfully conclude that he (a) failed to obtain vital signs and assess Patient A at the appointed times during his shift on August 29, 2006 or August 30, 2006; (b) failed to obtain vital signs and assess Patient B during

his shifts on September 7, 2006 and September 10, 2006; and (c) fell asleep on his shift in

contravention of his duties as an on-duty nurse.

The Board's order made the following findings of fact:

> 2. During the course of his employment on the step down unit at Carilion Roanoke Memorial Hospital, Roanoke, Virginia:

>> a. On August 29, 2006, Mr. Maristela failed to obtain vital signs and assess Patient A, who testified that she was being treated for a pulmonary embolism, at the appointed times during his shift, although Mr. Maristela recorded vital signs and findings of an assessment in her hospital chart.

>> b. On August 30, 2006, Mr. Maristela failed to perform a physical assessment on Patient A, although he documented findings in her hospital chart. Further, Mr. Maristela obtained Patient A's vital signs only after she requested that he do so.

>> c. On September 7, 2006, and on September 10, 2006, Mr. Maristela failed to obtain vital signs and assess Patient B, who had a left femoral popliteal bypass, at the appointed times during his shift, although Mr. Maristela recorded vital signs and findings of an assessment in his hospital chart.

>> d. By his own admission, on several occasions between August 6, 2006, and September 10, 2006, Mr. Maristela was found asleep during his shift.

> 3. During the hearing, upon questioning by the Board, Mr. Maristela acknowledged that he did not conduct the physical assessments and that he falsely recorded vital signs and findings of assessments in the two patients' charts.

"The sole determination as to factual issues is whether substantial evidence exists in the

agency record to support the agency's decision. The reviewing court may reject the agency's

findings of fact only if, considering the record as a whole, a reasonable mind would necessarily

come to a different conclusion." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369

S.E.2d 1, 7 (1988) (citations omitted).

Patient A testified at the Board hearing. She said that Maristela did not check her vitals

or perform the necessary assessments at the appointed times. Patient A was a clinical resource

- 4 -

nurse at Carilion and familiar with the nursing standards. Carilion's investigation revealed the same facts.

Lila Coderre and Judy Hamilton testified at the Board hearing. Both testified that Maristela slept during his shift. Coderre testified that Maristela fell asleep while he was charting and that she found him asleep at the nurse's station and in a patient's room. Coderre recalled an instance where she was in a patient's room and the call bell was ringing. She stepped out of the patient's room and saw Maristela asleep in front of the call bell. She "hollered out," but he still did not awaken. In addition, Hamilton testified that she found Maristela asleep in patients' rooms on different occasions. Coderre and Hamilton each prepared written statements, and the investigative report also corroborated their testimony.

In response to a question from the Board, Maristela admitted to "dozing off" on occasion. He said, "I get like sleepy, but I cannot – you know, I don't sleep, like snore and sleep for hours." When asked if he would "doze off," he responded, "Doze off. That's all."

There is sufficient information in the record to support the Board's findings regarding Maristela's lack of care for Patient A and Maristela sleeping during his shift.

With respect to Maristela's assignment of error that there was insufficient evidence to prove that he failed to obtain vital signs and do assessments for Patient B on September 7, 2006 and September 10, 2006, Maristela's argument focuses on Coderre's testimony. Coderre testified that she worked at least one night on August 29, 2006 or August 30, 2006, when Patient A was in the hospital. Coderre also testified about finding Maristela asleep on several occasions. However, she did not testify about Patient B or whether she was working on September 7, 2006

or September 10, 2006. Therefore, Maristela's argument challenging Coderre's testimony does not relate to the assignment of error regarding Patient B.[1]

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Maristela did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments regarding Patient B. We find that Maristela's failure to comply with Rule 5A:20(e) is significant, so we will not consider the issue regarding the sufficiency of the evidence concerning Maristela's lack of care for Patient B.

Since appellant's brief did not address the September 7 and September 10 incidents, we will not consider this assignment of error. See Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) (citation omitted) ("Failure to adequately brief an assignment of error is considered a waiver.").

Trial court's review

Maristela argues that the trial court erred by finding that the Board's decision was in conformity with statutory and constitutional authority and that the Board's final decision was supported by substantial evidence. He contends the Board improperly relied on the investigative report prepared by Loretta Hopson-Bush. Hopson-Bush was a Senior Investigator with the Department of Health Professions. Maristela argues that Hopson-Bush's report was incomplete because she interviewed only one witness, Sandy Sayre, who conducted the investigation at Carilion. Maristela contends Hopson-Bush should have interviewed him. He asserts that he did not

---

[1] We decline to consider "an issue not expressly stated among the 'questions presented.'" Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (The requirement that an opening brief contain "questions presented" has, as of July 1, 2010, been replaced by the requirement that the opening brief contain "assignments of error." See Rule 5A:20.).

have an opportunity to provide mitigating information for the report, and, as a result, the report was

"heavily one-sided, incomplete, and without credibility."  In his brief, he states that he "should have

been afforded a chance to contribute to the report so that the Board could have made findings based

on all of the available information rather than that which was easiest to obtain."

> Errors of law fall into two categories: first, whether the agency decision-maker acted within the scope of his authority, and second, whether the decision itself was supported by the evidence.  Where the agency has the statutory authorization to make the kind of decision it did and it did so within the statutory limits of its discretion and with the intent of the statute in mind, it has not committed an error of law in the first category.  The second category of error is limited to a determination whether there is substantial evidence in the agency record to support the decision.

Johnston-Willis, Ltd., 6 Va. App. at 242, 369 S.E.2d at 7 (citing State Board of Health v.

Godfrey, 223 Va. 423, 290 S.E.2d 875 (1982)).

Here, the Board had the authority to make the decision it did and did so within the

statutory limits of its discretion.  Maristela was accused of violating Code § 54.1-3007[2] and 18

VAC 90-20-300(A)(2)(f).[3]  Both provisions gave the Board the authority to suspend Maristela's

license.

---

[2]

> The Board . . . may suspend any license . . . for a stated period or indefinitely . . . for any of the following causes: . . . 2. Unprofessional conduct; . . . 5. Practicing in a manner contrary to the standards of ethics or in such a manner as to make his practice a danger to the health and welfare of patients or to the public; . . . 8. Abuse, negligent practice.

Code § 54.1-3007.

[3]

> The board has the authority to . . . suspend a license . . . upon proof that the licensee . . . has violated any of the provisions of § 54.1-3007 of the Code of Virginia.  For the purpose of establishing allegations to be included in the notice of hearing, the board has adopted the following definitions: . . .

There was substantial evidence to support the Board's decision. Maristela's argument focuses on the credibility of Hopson-Bush's report. He asserts that the report was incomplete because he was not interviewed. Hopson-Bush testified that she tried to contact Maristela. She mailed a letter to him via certified mail and regular mail; however, the certified letter was returned as "unclaimed" and the regular letter was returned as "unable to forward" and "not deliverable." She mailed a second certified letter to him, and it too was returned as "unclaimed." Hopson-Bush also tried to e-mail Maristela; however, the e-mail was returned as not being deliverable. Hopson-Bush attempted to contact Maristela, but to no avail.

Maristela also questions the fact that Hopson-Bush interviewed only Sayre, who was the investigator at Carilion. Sayre produced a report regarding her investigation of Maristela at Carilion. Sayre's report included information from other nurses and patients at Carilion.

> The rules of evidence are considerably relaxed in administrative proceedings, and the findings of administrative agencies will not be reversed solely because evidence was received which would have been inadmissible in court. No reversible error will be found in such cases unless there is a clear showing of prejudice arising from the admission of such evidence, or unless it is plain that the agency's conclusions were determined by the improper evidence, and that a contrary result would have been reached in its absence.

Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 270, 308 S.E.2d 123, 126 (1983) (citing Norfolk and Western Railway Co. v. Commonwealth, 162 Va. 314, 322-23, 174 S.E. 85, 88 (1934)).

There was no error or prejudice in admitting Hopson-Bush's report. See Code § 2.2-4020(C). The report was based on Carilion's investigation, including interviews of nurses and patients and documentation of Maristela's actions.

---

Unprofessional conduct means, but shall not be limited to: . . .

Abusing, neglecting or abandoning patients or clients . . . .

18 VAC 90-20-300(A)(2)(f).

<u>The Board's request for costs</u>

The Board requested an award of costs expended in this appeal.  On consideration of the record before us, we decline to award the Board its costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>