UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge AtLee and Senior Judge Frank
Argued at Norfolk, Virginia

JES CONSTRUCTION, LLC

MEMORANDUM OPINION* BY
v.        Record No. 0888-18-1                            JUDGE ROBERT P. FRANK
                                                           DECEMBER 26, 2018

BOARD FOR CONTRACTORS,
  DEPARTMENT OF PROFESSIONAL AND
  OCCUPATIONAL REGULATION

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Jeffrey L. Marks (Kaufman & Canoles, P.C., on briefs), for
appellant.

Joshua E. Laws, Assistant Attorney General (Mark R. Herring,
Attorney General; Stephen A. Cobb, Deputy Attorney General;
Heather Hays Lockerman, Senior Assistant Attorney General and
Section Chief, on brief), for appellee.


The Board for Contractors (Board) found that appellant, JES Construction, LLC (JES),

violated 18 VAC 50-22-260.B.33 by failing to obtain a building permit before beginning work and

burying footings before they were inspected.  The Board imposed a $5,000 fine and placed JES on

probation for two years.  JES appealed the ruling to the Circuit Court of the City of Virginia Beach,

which upheld the Board's decision.

BACKGROUND

"In accordance with familiar principles of appellate review, 'we review the facts in the light

most favorable to sustaining the Board's action.'"  Crutchfield v. State Water Control Bd., Dep't of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Envtl. Quality, 45 Va. App. 546, 553-54 (2005) (quoting Atkinson v. Va. Alcohol Beverage Control Comm'n, 1 Va. App. 172, 176 (1985)).

JES is a business specializing in foundation repair. On February 19, 2015, JES contracted with a homeowner to make certain foundation repairs to the home, which was located in Henrico County. The contract provided that JES would obtain a permit for its work. On April 23, 2015, six days into the project, the homeowner contacted JES and inquired whether a permit had been obtained. JES said that it had requested a permit but it had not been delivered. On April 24, 2015, the homeowner learned from the County that JES had not yet applied for a permit. The next day, JES applied for a permit, but the request was rejected. JES corrected the deficiency, and the County issued the permit on May 15, 2015.

On May 27, 2015, a County building inspector went to the subject property to examine the footings but was unable to do so because JES had covered over the footings with dirt. JES had failed to request a footings inspection prior to burying the footings. Later, JES uncovered the footings, and the County ultimately approved the inspection.

The homeowner filed a complaint with the Department of Professional and Occupational Regulation on June 19, 2015, contending that JES had failed to timely obtain a building permit.

By letter dated August 12, 2016, the Board advised JES that it would conduct an informal fact finding (IFF) conference on September 20, 2016. In accordance with Code §§ 2.2-4019 and 2.2-4021, the notice advised JES of the following rights:

1. To have reasonable notice of the conference;

2. To appear in person, or by counsel, or other qualified representative, before the Board, one of its subordinates, or a hearing officer, for an informal presentation of factual data, argument, or proof in connection with the complaint;

3. To have notice of any contrary fact basis or information in the possession of the Board, which the Board may rely upon in making an adverse decision;

4. To receive a prompt decision; and

5. To be informed, briefly and generally in writing, of the factual or procedural basis for any adverse decision by the Board.

The notice provided additional information that

[t]he board may require remedial education, revoke or suspend a license or fine a licensee when a licensee has been found to have violated or cooperated with others in violating any provision of Chapter 11 (§ 54.1-1100 et seq.) of Title 54.1 of the Code of Virginia, or any regulation of the board.

The notice stated that Code § 54.1-201(7) set forth, in part, "the powers and duties of regulatory boards," as follows:

To place a regulant on probation or revoke, suspend or fail to renew a certificate or license for just causes as enumerated in regulations of the board. Conditions of probation may include, but not be limited to the successful completion of remedial education or examination.

The notice further informed JES that "the Board is initiating an IFF Conference in order to obtain the facts necessary to make a decision regarding the regulatory issues involved in this matter" and that JES could subpoena witnesses on its behalf. The notice stated that the conference "is not an adversarial proceeding and there will not be any cross-examination[,]" but "clarifying questions may be asked." The notice advised JES that "[a]ll of the information and testimony presented during the IFF Conference will form the Agency Record." The notice stated that the presiding officer may prepare a summary after the IFF conference and "may recommend one of the following to the Board: (1) close the case with no violation; (2) find a violation and impose a sanction; or (3) schedule the case for a formal administrative hearing." The notice informed JES that the summary would be submitted to the Board, which could "accept, reject, or modify" it. Finally, the notice stated that the "maximum sanctions for a regulatory violation are revocation of [licensee's] license and a monetary penalty up to the amount of $2,500 per regulatory violation."

Charles Davis, chief operating officer of JES, and Scott Davis, an engineer and vice-president of JES, participated in the IFF conference. The company admitted that it had failed to obtain the required permit before commencing the work and attributed its failure to do so to its own administrative shortcomings. Scott Davis said that whether a permit was required was a "gray area" and varied from one locality to another. He acknowledged, however, that in the case before the Board, the homeowner specifically had requested that a permit be obtained. Davis further said that JES "want[ed] to do the right thing" and had hired more staff to handle permits and inspections.

Following the hearing, the presiding officer found that JES had failed to obtain a building permit prior to the commencement of work and to request a footing inspection prior to covering the footing. He recommended a $1,000 fine.[1]

By letter dated October 24, 2016,[2] the Board included a "Corrected Summary" of the IFF conference, advised JES that the Board would meet on November 8, 2016, and could amend the summary, by "adding fines and/or raising the amount of the fine, as well as revoking or suspending a license." The letter also stated that "[t]he Board may consider any prior disciplinary actions in making its final case decision." The letter informed JES that

> [a]t the Board meeting, participants may respond to the Agency Record and the Corrected Summary *only*. Participants may not present any new information or bring any new witnesses. Participants will be permitted to speak for five minutes. This is your final opportunity to make a presentation to the Board before a final decision is made.

The letter directed JES to contact the Board if it had any questions.

---

[1] The summary found no violation of counts 2 and 3 of the homeowner's complaint.

[2] An earlier letter of October 19, 2016, contained the same information but included the original, uncorrected summary.

Scott Davis and Charles Davis attended the November 8, 2016 Board meeting on behalf of JES. The minutes of the meeting, which are part of the agency record, reflect that Scott Davis addressed the Board and "shared [JES's] agreement with the Recommendation" from the IFF conference. The Board adopted the summary from the conference in part and found that JES had violated 18 VAC 50-22-260.B.33.[3] The Board then proceeded to determine the sanctions to be imposed and considered seven prior violations by JES, which also involved the "failure to obtain required building permits and/or inspections." JES had entered consent orders in six of the cases.

After a motion was made to increase the fines for the two violations and revoke JES's license, Scott Davis was allowed to address the Board again. He said that JES had "undergone a major revamping" of office personnel and had hired additional persons "to ensure that all permits are pulled and inspections scheduled." He requested that the Board not revoke the company's license.

Despite the earlier consideration of such a revocation, the Board heeded Davis's request and did not revoke the license. The Board imposed a total fine of $5,000 and placed JES on a two-year probationary period, with the condition that another violation of 18 VAC 50-22-260.B.33 would result in an automatic revocation of the license. The Board also required a remedial education class. These sanctions were imposed by order of November 8, 2016. The order advised JES that pursuant to Rule 2A:2, it had thirty days to note an appeal of the Board's decision.

JES appealed to the Circuit Court of the City of Virginia Beach. The appeal was heard on June 27, 2017. Counsel for JES told the court that JES wanted the matter remanded to the

---

[3] The regulation states that "[f]ailure to obtain a building permit or applicable inspection, where required" is a "prohibited act[]."

Board for a formal hearing under Code § 2.2-4020 because no "reasonable mind could have [concluded] that a two-year probation" was an appropriate sanction for a "matter which involved a $3,500 contract." Counsel emphasized in his argument to the court that JES would not have contested a less harsh punishment.

The court upheld the Board's decision and gave detailed reasons for its rulings. The court first rejected JES's argument that it was denied a formal hearing under Code § 2.2-4020 and thus deprived of an opportunity to make its position known to the Board. The court held that the IFF conference under Code § 2.2-4019 had given JES the procedural due process to which it was entitled and that a further formal hearing was not required.

The court found that the Board had violated Code § 2.2-4019(A)(iii) by not providing JES with specific notice that the seven prior violations would be considered by the Board in determining the sanctions to be imposed on JES.[4] However, the court also found that JES waived the Board's failure to provide the information because JES did not object at the November 8, 2016 meeting to the Board's considering the prior disciplinary actions. The court stated that the record showed that "JES had opportunity to raise this issue with the [Board] in the first instance. And for whatever reason, did not do so." The court concluded that JES asked the Board not to revoke its license and offered mitigating information but did not request more time or an additional opportunity to present evidence concerning the prior violations. JES never manifested an objection to the process and procedure of the Board, nor did the Board prevent JES from doing so.

---

[4] Whether the circuit court ruled correctly is not before us because the Board did not assign cross-error to the ruling.

The circuit court also found that there was substantial evidence to support the two violations.

This appeal follows.

ANALYSIS

I. Standard of Review

On appeal, the appellant bears the burden of designating and demonstrating an error of law subject to review by this Court. See Code § 2.2-4027. Such issues of law include (1) whether the agency acted in "accordance with constitutional right, power, privilege, or immunity"; (2) whether the agency complied with its statutory authority; (3) whether the agency observed the "required procedure [under its regulations] where any failure therein is not mere harmless error"; and (4) whether there is substantial evidence to support the agency's findings of fact. Id. Questions of law are reviewed *de novo*. Appalachian Voices v. Air Pollution Control Bd., 56 Va. App. 282, 289 (2010).

> "[J]udicial review of a 'legal issue' requires 'little deference,'
> unless it . . . 'falls within an agency's area of particular expertise.'"
> "Whether the issue is one of law or fact or substantial evidence we
> are directed to 'take account of the role for which agencies are
> created and public policy as evidenced by the basic laws under
> which they operate.'" "Thus, the degree of deference afforded an
> agency decision depends upon not only the nature of the issue,
> legal or factual, but also upon whether the issue falls within the
> area of 'experience and specialized competence of the agency.'"

Id. (citations omitted).

"[T]he circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court. In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal." School Bd. of County of York v. Nicely, 12 Va. App. 1051, 1062 (1991). Accord Va. Marine Res. Comm'n v. Insley, 64 Va. App. 569, 573 (2015). "The reviewing court may reject the agency's findings of fact only if,

- 7 -

considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242 (1988). It is not the court's role to determine the credibility of the witnesses. Comm'r, Dep't of Soc. Servs. v. Fulton, 55 Va. App. 69, 80 (2009).

## II. Circuit Court's Finding of Waiver

While finding that the Board failed to follow Code § 2.2-4019(A)(iii) by not providing JES with notice that it planned to use prior disciplinary violations in making its ruling, the circuit court found that JES never objected at the Board meeting and thus any appellate review of the issue was waived. The court concluded that JES "fail[ed] to manifest in any fashion the concern or complaint about the process or procedure that was actually employed." We agree.

The minutes of the November 8, 2016 Board meeting reflect no such objection,[5] and therefore this contention is waived.[6] "[A]n appellant, under the provisions of the APA, may not raise issues on appeal from an administrative agency to the circuit court that it did not submit to the agency for the agency's consideration." Pence Holdings, Inc. v. Auto Center, Inc., 19 Va. App. 703, 707 (1995). Accord Doe v. Va. Bd. of Dentistry, 52 Va. App. 166, 176 (2008) (*en banc*); Surprenant v. Bd. for Contractors, 30 Va. App. 165, 174 (1999).

---

[5] To the extent JES argues that the minutes are incomplete and not official because they were not signed by the custodian of the record, JES did not raise those issues in the circuit court in either the petition for appeal or its assignments of error. Thus, it is improper for JES to argue for the first time in this Court that there is some sort of uncertainty in the minutes. See Karr v. Va. Dep't of Envtl. Quality, 66 Va. App. 507, 529-21 (2016) (declining to reach the merit of two assignments of error because they were not preserved in the citizens' petition for appeal); Va. Ret. Sys. v. Blair, 64 Va. App. 756, 772-73 (2015) (holding that where appellant argued for the first time in his appeal to the circuit court that the reports of the Medical Board should not have been considered because they were signed by a social worker rather than a doctor, his argument was waived). In any event, the minutes show that they were signed by the chairman and secretary of the Board.

[6] JES's argument that the Board went beyond the agency record in considering the prior disciplinary actions also is waived because JES did not make the same objection at the Board meeting.

JES maintains that nothing in the Code requires it to make objections in order to preserve its ability to appeal, contending that only Rule 2A:2 sets forth the requirement for appeals. However, that Rule applies to how an appeal is perfected after the case decision has been rendered. It has no bearing on how to preserve issues *prior* to noting the appeal. Further, case law belies the argument JES makes. This Court, on a number of occasions, has held that failure to raise an argument until the appeal to the circuit court waives the argument. See, e.g., Doe, 52 Va. App. at 176. Thus, the circuit court did not err in finding that JES's argument was waived.[7] See Pence, 19 Va. App. at 708.

### III. Formal Hearing and Due Process

JES argues that, as a matter of law, it was entitled to a formal hearing under Code § 2.2-4020, and being deprived thereof, its due process rights were violated because it was not given an opportunity to present evidence, cross-examine witnesses, and make arguments defending its position. JES's entire argument is premised on its right to a formal hearing under Code § 2.2-4020. Such is not the case.

Code § 2.2-4020(A) sets forth the criteria for whether the licensee is entitled to a formal hearing:

> The agency *shall* afford opportunity for the formal taking of evidence upon relevant fact issues in any case in which the basic laws provide expressly for decisions upon or after hearing and *may* do so in any case to the extent that informal procedures under § 2.2-4019 have not been had or have failed to dispose of a case by consent.

---

[7] We note that although JES could have been represented by counsel at the IFF conference and the Board meeting, see Code §§ 2.2-4019(A)(ii) and -4020(C), it chose to proceed *pro se*. The company's *pro se* status did not excuse it from complying with the applicable procedural rules. See generally Townes v. Commonwealth, 234 Va. 307, 319 (1987) (holding that "[a] pro se litigant is no less bound by the rules of procedure and substantive law than a defendant represented by counsel"); Francis v. Francis, 30 Va. App. 584, 591 (1999) (same).

(Emphasis added).  The Board's basic laws are found in Code §§ 54.1-1100–1146.  Code § 54.1-1114 states that disciplinary actions are governed by the Administrative Process Act, Code §§ 2.2-4000–4031.  The Board's basic laws provided JES an informal fact finding conference under Code § 2.2-4019, but did not expressly call for a formal hearing under Code § 2.2-4020.  Accordingly, the Board was not required to give JES a formal hearing.

JES cites no "basic law" that provides for a formal hearing in its case.  It asserts that it was entitled to a formal hearing under Code § 2.2-4020(A) because its case "was not disposed of by consent" and the IFF conference under Code § 2.2-4019 was not properly conducted.  But JES cites the portion of Code § 2.2-4020(A) that gives the Board the *discretion* to conduct a hearing "in any case to the extent that informal procedures under § 2.2-4019 have not been had or have failed to dispose of a case by consent."  That provision does not apply to the mandatory requirement in Code § 2.2-4020(A) for a formal hearing "in any case in which the basic laws provide expressly" that such a hearing be held.  By its specific language, the provision is permissive and did not require the Board to give JES a formal hearing.  JES has not contended that the Board abused its discretion in denying him a formal hearing, nor has it argued that "may" should be interpreted to mean "shall."

JES seems to argue that since the IFF conference limits the licensee's opportunity to fully argue its position, a formal hearing is required.  Yet the IFF conference allows the licensee to appear in person for "the informal presentation of factual data, argument, or proof in connection with any case."  Code § 2.2-4019(A)(ii).  The IFF notice letter dated August 12, 2016, further indicated the IFF conference is not an adversarial proceeding with cross-examination, although "clarifying questions" may be asked.  At the IFF conference, an executive of JES spoke about the work the company performed and the subject matter of the homeowner's complaints.  While JES

was not allowed to cross-examine the homeowner, it was given an opportunity to comment on his testimony.

JES contends that the November 8, 2016 Board meeting was not a formal hearing under Code § 2.2-4020. Assuming without deciding that JES is correct, it makes no difference because JES is not entitled to a formal hearing. See Envtl. Defense Fund v. Va. State Water Control Bd., 12 Va. App. 456, 464 (1991) (holding that because the basic law did not "expressly provide for" the issuance of permits "only upon or after formal hearings," formal hearings are not mandatory under Code § 9-6.14:12 (now Code § 2.2-4020)). We thus conclude that the trial court did not err in finding that JES was not entitled to a formal hearing under Code § 2.2-4020.

### IV. Notice that License Might Be Suspended

JES contends that the Board did not give it reasonable notice that the Board was considering suspension, revocation, or probation of JES's license. The record belies that contention. JES, in fact, did have notice of the Board's range of sanctions.

The notice letter of August 12, 2016, advising JES of the IFF conference, also informed the company that the "Board may require remedial education, revoke or suspend a license or fine a licensee" when found to be in violation. The notice also stated that JES may be placed on probation.

Further, the agency record includes a letter written to the Board on February 2, 2016, by Scott Davis on behalf of JES, responding to findings made by the Board on January 21, 2016.[8] JES contested the violation, asked that the Board reconsider revoking JES's license, and requested a meeting to discuss the case. Thus, JES was aware before the IFF conference was held on September 20, 2016, that revocation of its license was a possible outcome.

---

[8] The Board's January 21, 2016 findings are not in the record, but it appears that the Board initially attempted to resolve the matter by a consent order.

- 11 -

## V. Substantial Evidence

"[An] agency's factual findings must be sustained if the record contains substantial evidence to support those findings." Frederick Cty Bus. Park, LLC v. Dep't of Envtl. Quality, 278 Va. 207, 211 (2009); see Code § 2.2-4027. "Under the 'substantial evidence' standard, the reviewing court may reject an agency's factual findings only when, on consideration of the entire record, a reasonable mind would *necessarily* reach a different conclusion." Alliance to Save the Mattaponi v. Commonwealth, Dep't of Envtl. Quality ex rel. State Water Control Bd., 270 Va. 423, 441 (2005).

> This standard is designed to give stability and finality to the factual findings of administrative agencies. In applying the substantial evidence standard, the reviewing court is required to take into account "the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."

Id. at 442 (quoting Code § 2.2-4027). Accord Appalachian Voices, 56 Va. App. at 295.

As to issues of fact, the reviewing court is limited solely to the record filed by the Board, and factual issues on appeal are controlled by that record. See State Bd. of Health v. Godfrey, 223 Va. 423, 433 (1982); Nicely, 12 Va. App. at 1062.

The circuit court found that "more than substantial evidence in the record" supported the Board's findings regarding the permit and footings violations. JES admitted the violations at the IFF conference. The IFF conference, in its "Corrected Summary," found that JES failed to obtain a building permit before beginning the work and failed to request a footing inspection before concealing the footings. At no time did JES contest these facts. The minutes of the November 8, 2016 Board meeting recited that a corporate officer of JES "shared their agreement with the Recommendation" of the IFF conference, which had proposed a $1,000 fine. The Board adopted the factual findings of the IFF conference, as did the circuit court.

Because JES admitted before the Board that it had committed the violations, JES may not "approbate and reprobate" by taking different positions before the Board and on appeal. See Rowe v. Commonwealth, 277 Va. 495, 501-02 (2009) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181 (2006))). Additionally, JES may not argue on appeal that substantial evidence to support the Board's findings was lacking when it did not raise the issue before the Board. See Doe, 52 Va. App. at 176; Suprenant, 30 Va. App. at 174; Pence, 19 Va. App. at 707.

Thus, we conclude that there was substantial evidence in the agency record to support the Board's findings.

## VI.  CONCLUSION

We conclude that since there are no basic laws that expressly provide for a formal hearing under Code § 2.2-4020, JES is not entitled to one in this instance. Thus, JES was not deprived of any due process. We further hold that the circuit court did not err in finding JES waived its argument that Code § 2.2-4019(A)(iii) was violated. We find that JES had sufficient notice that its license could be revoked and that there was substantial evidence to support the Board's findings. In sum, the circuit court did not err in affirming the Board and dismissing JES's petition for appeal.

Affirmed.